**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ALBERT E. GUCKER               )
                                   )
          Plaintiff,           )
                                   )          Civil Action No.  13-583
          v.                 )          Judge Nora Barry Fischer
                                   )
UNITED STATES STEEL CORPORATION   )
                                   )
          Defendant.       )

## MEMORANDUM ORDER

This is an employment discrimination case wherein Plaintiff Albert E. Gucker ("Gucker") contends that Defendant United States Steel Corporation ("USX") unlawfully terminated him on the bases of his age and disability in violation of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA").[1] (Docket No. 1). Presently before the Court is a *Daubert* Motion brought by USX seeking to exclude the proffered expert testimony of Donal F. Kirwan opining as to Gucker's economic loss between the date of his separation from employment, i.e., December 28, 2011, and his sixty-sixth birthday, i.e., April 30, 2017. (Docket Nos. 65, 66). USX argues that Kirwan's opinions are inadmissible under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), because they rely upon allegedly improper assumptions that Gucker was capable of working in his previous position as a maintenance technician and would have worked beyond the date of his retirement and also because his opinions failed to consider Gucker's employability in the existing jobs in the national economy. (Docket Nos. 65, 66).

---

[1] The Court excludes a lengthy recitation of the factual circumstances of this case, as the parties are well aware of the underlying facts and the same is clearly set forth in its Memorandum Opinion denying USX's motion for summary judgment. *See Gucker v. United States Steel Corporation*, Civ. No. 13-583, 2015 WL 3693429 (W.D. Pa. Jun. 12, 2015).

Gucker responds that Kirwin's opinions meet all of the requirements for admissibility under Rule 702 and *Daubert*. (Docket Nos. 67, 68). Gucker continues that Kirwin properly relied upon the evidence of record in reaching his opinions as to economic losses that were sustained, making appropriate assumptions that the jury will find in his favor on the disputed factual matters. (*Id.*). The Court held oral argument on USX's Daubert Motion on November 6, 2015, (Docket No. 69), and the matter has been fully briefed both before, (Docket Nos. 66, 68), and after argument (Docket Nos. 70, 71), with the parties producing the relevant portions of the record, including the deposition testimony of Kirwin, (Docket No. 65-2), his expert report, (Docket No. 65-1), and his *curricula vitae*. (Docket No. 68-1). After careful consideration of all of the parties' arguments, their briefs and the submitted exhibits and for the following reasons, Defendant's Motion [65] is DENIED.

This Court understands its important gatekeeper duty to fully evaluate proffered expert opinions to ensure that they are both relevant and reliable before permitting such opinions to be presented to a jury, *see Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997) (citing *Daubert,* 509 U.S. at 589), and has excluded experts from testifying in cases where the Court found that the three requirements set forth in Rule 702, "qualifications," "reliability" and "fit," were not met. *See Pritchard v. Dow Agro Sciences*, 705 F. Supp. 2d 471 (W.D. Pa. Mar. 11, 2010), *aff'd*, 430 F. App'x 102 (3d Cir. 2011). But, USX has failed to meet its burden to convince this Court that Kirwin's proffered expert opinions should be excluded as they meet the liberal standard of admissibility under Rule 702. *See Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008) (quoting *Kannankeril*, 128 F.3d at 806) ("Rule 702, which governs the admissibility of expert testimony, has a liberal policy of admissibility."). Overall, the Court believes that USX's challenges to Kirwin's proffered testimony present questions concerning the

underlying factual foundation and bases for his opinions that are properly resolved by the jury after considering the conflicting evidence presented by both parties at trial. *See Daubert*, 509 U.S. at 596 ("[V]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

In so holding, the Court briefly comments that USX has not meaningfully challenged Kirwin's qualifications as a forensic economics and human resources specialist, which are extensive and include prior expert testimony in federal, *see, e.g., Rocco v. Bodami*, Civ. A. No. 08-1497, 2010 WL 3892183 at *1 (W.D. Pa. Sept. 24, 2010), and state courts throughout the tristate area without having ever been disqualified through this type of motion to this Court's knowledge. (Docket No. 65-2 at 22; Docket No. 68-1). The Court would agree that he is sufficiently qualified to provide the types of opinions that he has proffered here; indeed, he completes hundreds of these economic loss calculations per year. (Docket No. 65-2 at 35-36). There has also been no effort by USX to challenge the methods he employed to compute the economic losses allegedly sustained by Gucker. (Docket Nos. 65, 66).

With respect to the three specific areas where USX claims that Kirwin erroneously relies upon unsupported assumptions, the Court agrees with Gucker's response that all of these areas are both appropriately relied upon by an economic loss expert and are fully supported by the facts in this case which outline his prior ability to perform the same job with the requested accommodation for several years; medical evidence releasing him to work with such accommodation; and, the admissions of USX's own witness essentially confirming that his retirement was not voluntary. (Docket Nos. 67, 68). Indeed, the Court fully explained and analyzed the factual disputes between the parties when denying summary judgment to USX,

expressly holding that: "a reasonable jury could find that Plaintiff was a qualified individual under the ADA and thus able to perform the essential functions of his job" as a maintenance technician and that "there are genuine disputes as to whether Gucker retired or whether U.S. Steel's discriminatory motive with regard to his age and/or disability caused him to be constructively discharged." *See Gucker*, 2015 WL 3693429 at *7-8. This case is thus clearly distinguishable from *Benjamin v. Peter's Famr Condominium Owners Ass'n*, 820 F.2d 640 (3d Cir. 1987), which excluded opinions based on rank speculation and unsupported statements of the plaintiff's abilities. Kirwin did not rely solely upon Gucker's self-serving statements about his ability to work when reaching his opinions. He interviewed Gucker and reviewed his deposition, including specific provisions cited by USX in their supplemental briefing, (Docket No. 70), as well as a number of documents as outlined in the report. (*See* Docket No. 65-1). With that backdrop, he put into play his background and experience in this marketplace to arrive at his opinions. Moreover, it is certainly appropriate for an expert witness to rely on facts in evidence and, contrary to the arguments of USX, to make assumptions of the type that Kirwin has done here (i.e., that the jury will accept Gucker's version of the facts).

Challenges to the factual foundation of expert opinions such as the ones raised by USX go to the weight of such testimony which is more appropriately addressed through cross-examination at trial. *See Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3d Cir. 2002) ("Rule 705, together with Rule 703, places the burden of exploring the facts and assumptions underlying the testimony of an expert witness on opposing counsel during cross-examination.").

For these reasons,

IT IS HEREBY ORDERED that Defendant's Motion [65] is DENIED.

IT IS FURTHER ORDERED that the expert reports will not be admitted into evidence.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   November 23, 2015

cc/ecf:  All counsel of record