# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT E. GUCKER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES STEEL CORPORATION )<br>)<br>Defendant. ) | Civil Action No. 13-583<br>Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

This is an employment discrimination case wherein Plaintiff Albert E. Gucker ("Gucker") contends that Defendant United States Steel Corporation ("USX") unlawfully terminated him on the bases of his age and disability in violation of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). (Docket No. 1). Presently before the Court are cross-motions *in limine* to exclude certain medical evidence at trial. Gucker seeks through his motion, (Docket No. [72]), to exclude from trial what he describes very generally as "irrelevant outside medical records and treatment." (Docket No. [72] at 2). Gucker's motion, quite frankly, is as broad in scope as it is thin in specifics. Similarly, the cross-motion of USX in response, (Docket No. [77]), seeks to exclude from trial "any and all evidence . . . inconsistent with Gucker's statements and submissions to the SSA concerning his job duties, medical conditions and restrictions, and/or ability to work in other than a sedentary position." (Doc. 77 at 3).

As explained in the Court's Memorandum Opinion denying the motion of USX for summary judgment, (Docket No. 56 at 6), *Cleveland v. Policy Management Systems Corporation*, 526 U.S. 795 (1999), and its progeny recognize the tension between an individual's pursuit of Social Security Disability Insurance benefits and the requirements of proof in

1

establishing a *prima facie* case of discrimination based on disability under the ADA. *Cleveland* is particularly instructive here as it states explicitly: "an ADA plaintiff cannot simply ignore [his] SSDI contention that [he] was too disabled to work . . . [He] must explain why that SSDI contention is consistent with [his] ADA claim that [he] could 'perform' the essential functions' of her previous job at least with 'reasonable accommodation.'" 526 U.S. at 798. "That explanation must be sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good-faith belief in, the earlier statement, the plaintiff could nonetheless 'perform the essential functions' of [his] job, with or without 'reasonable accommodation.'" 526 U.S. at 807 (emphasis added). Following the instruction in *Cleveland*, the Court finds that Gucker must be afforded the opportunity at trial to explain evidence that conflicts, apparently or otherwise, with contentions made in his pursuit of SSDI benefits.

Regarding Gucker's motion, he asserts that medical evidence post-dating his asserted "expulsion" from USX on December 28, 2011, should be excluded as should any medical evidence not relating to his lifting restrictions. Gucker's argument in support is his position that the reason for his termination is clear and solely based on his lifting restriction and because he was terminated on December 28, 2011, evidence regarding his abilities beyond that date are irrelevant. Gucker ignores that discriminatory motive is not the only matter for decision by the jury--Gucker seeks damages beyond December 28, 2011. Moreover, post December 28, 2011, there is a dispute as to whether Gucker voluntarily retired effective March 31, 2012 or was constructively discharged. *See* (Docket 56 at 11). Further, Gucker's submissions seeking SSDI benefits go beyond a lifting restriction and arthritic knees. Consistent with our ruling on USX's motion, Gucker will have the opportunity to explain inconsistencies in the evidence raised by USX regarding his medical condition relevant to the employment position. We note that Gucker

also has pending a claim under the ADEA, which does not have the "reasonable accommodation" language or requirements of the ADA, *Detz v. Greiner Industries, Inc.,* 346 F.3d 109, 117 (2003), a further permeation necessitating leeway in the presentation of evidence on his ability to perform the job functions. Thus, contrary to Gucker's urging, the Court cannot say that the medical evidence prior to and post December 28, 2011 and the evidence beyond the lifting restrictions would not be relevant to or have any bearing on his damages or his ability at differing times to perform essential job functions, whether with or without reasonable accommodation consistent with the requirements of the ADA and ADEA. Finally, the Court is unconvinced that the prejudice asserted by Gucker, that he would have to expend resources to address such evidence proffered in defense by USX at trial, is such that it would outweigh its probative value under Federal Rule of Evidence 403.

For these reasons,

IT IS HEREBY ORDERED that both Plaintiff's Motion [72] and Defendant's Motion [77] *in limine* are DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:  December 11, 2015

cc/ecf:  All counsel of record