# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT E. GUCKER, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES STEEL CORPORATION, <br><br> Defendant. | Civil Action No. 13-583 <br> Judge Nora Barry Fischer |

## MEMORANDUM ORDER

AND NOW, this 27th day of January, 2016, upon consideration of Plaintiff's Supplemental Witness List, wherein Plaintiff states that Stephen Slane, MS, PT, CEAS, may testify as a rebuttal witness regarding the "validity of Mr. Kerestan's functional capacity exam of Mr. Gucker," (Docket No. 130), Defendant's Motion *in Limine* to preclude Mr. Slane from testifying, (Docket Nos. 131), Plaintiff's opposition thereto, (Docket No. 133), and the parties' representations at the Final Pretrial Conference that was held, Tuesday, January 26, 2016, (Docket No. 134),

IT IS HEREBY ORDERED that Defendant's motion *in limine* is GRANTED-IN-PART and DEFERRED-IN-PART. Defendant's motion is GRANTED-IN-PART to the extent that the Plaintiff shall be precluded from offering Stephen Slane, MS, PT, CEAS as a rebuttal witness. The Court of Appeals for the Third Circuit recognizes that the definitions for lay and expert testimony start with Federal Rule of Evidence 701. *See e.g.*, *Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 225 (3d Cir. 2008) ("The plain language of Rule 701 establishes that lay opinion testimony must satisfy the criteria set forth in subsections (a), (b), and (c) in order to be admissible.") Rule 701 states:

1

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> > (a) Rationally based on the witness's perception;
> > (b) Helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> > (c) Not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FED. R. EVID. 701. The rules continue by defining testimony by expert witnesses. Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> > (b) The testimony is based on sufficient facts or data;
> > (c) The testimony is the product of reliable principles and methods; and
> > (d) The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Further, regarding the bases of an expert's testimony, Rule 703 states:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703.

As noted above, Plaintiff intends to proffer Mr. Slane, MS, PT, CEAS as a "[r]ebuttal witness regarding the validity of Mr. Kerestan's functional capacity exam of Mr. Gucker." (Docket No. 130). Given same, the Court notes that Mr. Slane's proposed testimony will necessarily be outside the scope of a lay witness's testimony because it fails to comply with 702(a) and (c). As proffered, Mr. Slane's testimony regarding the validity of the functional capacity exam cannot be based on his "perception" because he did not personally participate in

or view the examination.[1] Mr. Slane's projected testimony likewise fails to meet the criteria under 702(c) because testimony regarding the validity of a medical test necessarily is based on "scientific, technical, or other specialized knowledge."

With Mr. Slane's proffered testimony properly identified as rebuttal expert testimony, the Court next turns to the issue of whether Plaintiff's disclosure of Mr. Slane as a rebuttal witness is proper and timely. Initially, Federal Rule of Civil Procedure 26(a)(2) controls the disclosures of experts and expert testimony. Rule 26(a)(2)(B) requires that the disclosure of the expert's identity "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involved giving expert testimony." FED. R. CIV. P. 26(a)(2)(B). In the event that an expert is not required to provide a report, Rule 26(a)(2)(C) requires that the identifying disclosure state, "(i) the subject matter on which the witness is expected to present evidence under Federal Rules of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C). To that end, the Court notes that Plaintiff has not proffered any expert report, nor has he provided "a summary of the facts and opinions to which the witness is expected to testify." Hence, Plaintiff's proffer of Mr. Slane, (Docket No. 130), is deficient under Rule 26(a)(2).

Moving to the issue of timeliness, Rule 26(a)(2)(D) states that a party must provide its expert disclosures "at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). "Absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is

---

[1] To be sure, an expert witness may rely on "facts or data in the case that the expert has been made aware of," but Plaintiff here attempts to proffer Mr. Slane as a fact witness. *See* FED. R. EVID. 703.

3

intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." FED. R. CIV. P. 26(a)(2)(D).

At this point, the Court turns to a timeline of certain relevant events. On January 18, 2012, Plaintiff underwent a Functional Capacity Examination conducted by Mr. Kerestan. Plaintiff received a copy of the report on or around January 31, 2012. (Docket No. 134). Thereafter on April 23, 2013, Plaintiff filed his complaint with this Court alleging discrimination under the Americans with Disabilities Act, as well as age discrimination. (Docket No. 1). The parties engaged in discovery, during which Plaintiff deposed Mr. Kerestan on June 17, 2014. (Docket No. 84-2). It became apparent at Mr. Kerestan's deposition that Defendant had not turned over related documents, including documents on which Mr. Kerestan expressly relied. After that issue was brought to the attention of Defendant's counsel, Defendant provided Plaintiff with the requested documents six (6) weeks later, i.e., by late July or early August 2014. No request to enlarge fact discovery was made. Thus, fact discovery closed on July 25, 2014, and the Court issued an Order setting the deadline for expert discovery for October 30, 2014. (Docket No. 28). The Court then extended the deadline for expert discovery until November 10, 2014, noting that "no further extensions shall be granted." (Docket No. 30).

On November 17, 2014, at the post expert discovery conference stage, the Court set a summary judgment schedule and ordered that a hearing on the motions for summary judgment would take place on February 26, 2015. (Docket No. 31). Defendant moved for two extensions to file its summary judgment motion, and the Court granted same on December 11, 2014 and December 31, 2014. (Docket Nos. 32, 33, 34). The parties subsequently exchanged briefs, and

the Court heard argument on February 25, 2015. (Docket Nos. 35, 43, 45, 48, 50). The Court denied Defendant's motion for summary judgment on June 12, 2015. (Docket No. 56, 57).

The parties then filed their pretrial statements, (Docket Nos. 58, 60), and the Court issued a Pretrial Order on July 16, 2015, wherein it required, among other things, Plaintiff to "file and serve his list of trial witnesses, listing separately the witnesses he will call and the witnesses he may call if needed (other than purely for impeachment)," by December 7, 2015. (Docket No. 62). Plaintiff filed and served his witness list on December 7, 2015. (Docket No. 79).[2] On January 6, 2016, Plaintiff filed a unopposed motion requesting that the Court modify the Pretrial Order to extend the time for the parties to provide the Court with their respective exhibit binders, (Docket No. 91), and after conferral with counsel, the Court granted same. (Docket Nos. 93, 94).

Despite the fact that discovery has been closed for almost a year and a half, trial was scheduled to commence in under two weeks, and without permission from the Court, the parties agreed to redepose Mr. Kerestan on January 20, 2016. As noted, Plaintiff filed a supplemental witness list, wherein he proffered Mr. Slane as a potential rebuttal witness to counter "the validity of Mr. Kerestan's functional capacity exam." (Docket No. 130). With the forgoing timeline in mind, it is obvious that expert discovery closed over a year before Plaintiff proffered Mr. Slane as a potential rebuttal witness. (Docket Nos. 28, 30).

Apparently seeking to circumvent the Court's deadline for expert disclosure and discovery, counsel for the Plaintiff argued at the Final Pretrial Conference that he was not required to list Mr. Slane as a witness because he is proffering Mr. Slane as a rebuttal witness, and that per the Court's Pretrial Order, as well as established case law, parties do not need to include rebuttal witnesses in their witness list. Counsel for the Defendant opposed, asserting that

---

[2] Plaintiff also filed an errata regarding same to include the proper signature of counsel. (Docket No. 81).

Plaintiff was attempting to get into evidence untimely expert testimony that did not conform to Rule 26 and such would be prejudicial to Defendant.

As an initial matter, the Court notes that it is well established that the Court has discretion to allow undisclosed rebuttal witnesses to testify for purposes of impeachment. *DCK TTEC, LLC v. Postel Indus.*, 602 Fed. Appx. 895 (3d Cir. Pa. 2015) ("trial courts have the discretion to admit the impeachment testimony of rebuttal witnesses who have not previously been identified.") (citing *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 155-56 (3d Cir. 1995)). Indeed, this Court's Pretrial Order does not require disclosure of same.[3] (Docket No. 62 at 2). However, when a party attempts to introduce expert witness testimony, even as a rebuttal witness, it must conform to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(2)(D) ("Absent a stipulation or a court order, the disclosures must be made: …(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.").

Here, Plaintiff proffers what the Court believes to be expert testimony to rebut the "validity of Mr. Kerestan's functional capacity exam." Because Defendant has not designated Mr. Kerestan as an expert under Rule 26(a)(2)(B) or (C), however, Rule 26(a)(2)(D)(ii), which requires rebuttal expert testimony to be disclosed within 30 days of an opposing party's expert disclosure, does not apply. This is particularly true given that the language of Rule 26(a)(2)(D)(ii) specifically identifies the disclosure a rebuttal expert may rebut as "subject matter identified by another party under Rule 26(a)(2)(B) or (C)." *See* Fed. R. Civ. P. 26(a)(2)(D)(ii). To that end, Plaintiff was required to comply with the Court's orders regarding expert testimony.

---

[3] The Court notes that the Pretrial Order allows a party to omit from its witness list witnesses it may call if needed that will be used for "impeachment." (Docket No. 62 at 2). However, in this context, the Court interprets the terms "impeachment" and "rebuttal testimony" consistently. *See United States v. Kubini*, 304 F.R.D. 208 (W.D. Pa. 2015) ("[T]his Court retains the inherent authority to interpret its own Orders").

In this case, the appropriate sanction for Plaintiff's dilatory behavior is to exclude the proffered rebuttal expert opinion from the trial of this case. *See McDaniel v. Kidde Residential & Commer.*, 2015 U.S. Dist. LEXIS 148892 (W.D. Pa. Nov. 3, 2015) (excluding supplemental witness testimony from trial that was served well beyond the close of expert discovery, without leave of court, or stipulation by the opposing party). To the extent that Plaintiff argues that he would be unfairly prejudiced by this ruling, the Court notes that Plaintiff's counsel conceded at argument that he received the evidence on which he bases his argument that Mr. Kerestan's examination is faulty over a year and a half ago, and Plaintiff is bound by his counsel's concession. *See McDaniel*, 2015 U.S. Dist. LEXIS 148892, at *12 ("Parties are, however, bound by the actions or omissions of their counsel.") (citing *Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs.*, L.P., 785 F.3d 96 (3d Cir. Pa. 2015)). The Court further notes that Plaintiff is not without the ability to call into question Mr. Kerestan's testimony. To that end, counsel for the Plaintiff has shown by the depositions he has taken of Mr. Kerestan that he is able to cross examine him. He can do so again at trial using his resume, report, two deposition transcripts, medical literature and scientific studies regarding workplace evaluations, the effects of medication on same, and the like.

IT IS FURTHER ORDERED that Defendant's motion is DEFERRED-IN-PART to the extent that the Court will rule on whether Tom Amoroso may provide testimony at a later date.[4]

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record

---

[4] A different Memorandum Order will address Plaintiff's coworkers.