IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT E. GUCKER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 13-583 |
| v. | ) | Judge Nora Barry Fischer |
| | ) | |
| UNITED STATES STEEL CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

AND NOW, this 29th day of January, 2016, upon consideration of Defendant's Motion *in Limine* to exclude Lauren Colter's (neé Beausigneur) notes and testimony concerning her investigation of the Plaintiff's EEOC charge, (Docket No. 99), Plaintiff's opposition thereto, (Docket No. 125), the parties' representations and argument at the Final Pretrial Conference that was held, Tuesday, January 26, 2016, (Docket No. 134), and Ms. Colter's deposition testimony, (Docket No. 44-2, 44-3),

IT IS HEREBY ORDERED that Defendant's motion *in limine* is GRANTED-IN-PART, DEFERRED-IN-PART, and DENIED-IN-PART. Defendant argues that Ms. Colter's notes[1] and related testimony regarding Plaintiff's EEOC charge are inadmissible because they are (1) irrelevant, (2) unfairly prejudicial, (3) encompass privileged materials, and (4) should be excluded under Fed. R. Evid. 408[2] because they reflect settlement negotiations. (Docket No.

---

[1] Although the parties do not specify to what notes they refer, the Court observes that the relevant notes appear to be those filed at Docket Nos. 44-20, 44-21.
[2] Rule 408 states: (a) Prohibited Uses. Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
    (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a
    valuable consideration in compromising or attempting to compromise the claim; and

100). Plaintiff opposes Defendant's motion, asserting that the testimony is relevant, not unfairly prejudicial, is not privileged, and does not fall within the rule excluding evidence of settlement. (Docket No. 126). The Court will first consider Defendant's challenge to Ms. Colter's notes filed on the docket at Docket Number 44-21, and her testimony related thereto.

With respect to the notes filed at Docket Number 44-21, the Court defers ruling on whether Defendant's motion *in limine* is granted because the notes are illegible and the Court cannot decipher them. Given same, the Court will defer ruling until Ms. Colter testifies and the Court has an opportunity to review Ms. Colter's testimony in camera.

Turning to the notes filed at Docket Number 44-20, the Court initially addresses Defendant's argument that Rule 408 precludes Plaintiff from introducing same into evidence. Plaintiff opposes Defendant's argument based on Rule 408 because he contends that no offer of settlement was ever conveyed to him. (Docket No. 126). To bolster his claim, Plaintiff includes as an attachment, an affidavit stating that he never received any settlement offer relating to same. (Docket No. 126-3). Asserting that no offer was ever conveyed, Plaintiff cites *Blue Circle Atlantic, Inc., v. Falcon Materials*, for the proposition that evidence of settlement that was not actually conveyed is not barred by Rule 408 because the Rule only excludes evidence that was actually offered. 760 F. Supp. 516, 522 (D. Md. 1991) ("Rule 408 does not apply to internal memoranda unless communicated to the other side in an attempt at settlement.").

The Court notes, however, that contrary to Plaintiff's reliance on *Blue Circle*, the Court of Appeals for the Third Circuit generally excludes internal memoranda made in anticipation of a

---

(2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

(b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.
FED. R. EVID. 408.

settlement offer, even if the memoranda were not conveyed to the opposing party. *Affiliated Mfrs. v. Aluminum Co. of Am.*, 56 F.3d 521, 530 (3d Cir. N.J. 1995) (refusing to adopt the holding in *Blue Circle Atlantic, Inc., v. Falcon Materials*, and affirming a trial court's discretion to exclude internal memoranda prepared for use in settlement). Given that the Third Circuit has directly considered and rejected the case upon which Plaintiff relies, and further given that Ms. Colter's notes appear to be closely related to potential settlement discussions regarding Plaintiff's EEOC charge, Defendant's motion to preclude the portions of Ms. Colter's notes relating to settlement is granted. The parties shall submit for the Court's consideration prior to trial, and certainly before being presented to the jury, copies of Ms. Colter's notes redacting any reference to settlement.

Finally, the Court considers Defendant's arguments as to the remaining notes filed at Document Number 44-20 that do not reference settlement. Defendant contends that Plaintiff should not be able to use the remaining notes at trial because they are (1) irrelevant, (2) unfairly prejudicial, and (3) encompass privileged materials. (Docket No. 100).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. "Irrelevant evidence is not admissible." FED. R. EVID. 402. Plaintiff argues that Ms. Colter's notes are relevant because they "show inconsistencies in the statements of U.S. Steel," which would presumably make the Plaintiff's version of the events more likely. (Docket No. 126). Defendant, on the other hand, maintains that "[t]he fact that [Colter] conducted an investigation into Gucker's EEOC charge does not make any material fact more or less likely in this case." (Docket No. 100). The Court finds the Defendant's argument flawed as the notes do

relate to facts which underpin the Plaintiff's claims. Thus, the Court finds that the remaining notes within Docket Number 44-20, and Ms. Colter's testimony related thereto, is relevant.

As Defendant argues, however, a finding that the evidence is relevant does not end the inquiry. Rule 403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Although Defendant cited a number of cases setting forth the contours of what evidence should be excluded under 403, it did not provide much in the way of analysis or fact to support its position that Ms. Colter's notes should be excluded on this basis. (Docket No. 100). Plaintiff's response was similarly sparse. (Docket No. 126). The Court, therefore, analyzes the issue on its own, and concludes that Ms. Colter's notes are not so prejudicial as to require exclusion under 403.

Defendant's final argument, that Ms. Colter's notes are "privileged materials prepared in anticipation of litigation" also fails. Although Defendant argues that the notes are privileged, Plaintiff contends that they are not because Defendant disclosed them as part of its initial disclosures. (Docket Nos. 100, 126). "Courts deciding inadvertent disclosure issues have followed a two-step analysis: "[f]irst, it must be determined whether the documents in question were privileged or otherwise protected and second, if privileged documents are produced then a waiver occurs unless the three elements of FRE 502(b) are met." *Wise v. Wash. County*, 2013 U.S. Dist. LEXIS 128731, at *8 (W.D. Pa. Sept. 10, 2013).

In this instance, the Court finds that even if Ms. Colter's notes could be considered privileged attorney work product (and the Court is not making such a finding) Defendant has waived such privilege. Plaintiff asserts that Ms. Colter's notes were part of their initial

4

disclosures. (Docket No 126).Rule 502(b) states, "When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26 (b)(5)(B)." FED. R. EVID. 502(b). Here, Defendant did not take any steps to enforce its privilege. There is no privilege log, nor communication sent to opposing counsel to claw-back the notes, despite the fact that the parties agreed upon claw-back language included in the Case Management Order. (See Docket No. 13). By failing to act on its rights, Defendant has waived any claim that the notes are privileged. *See e.g.*, *Wise v. Wash. County*, 2013 U.S. Dist. LEXIS 128731, at \*8 (denying Defendant's motion *in limine* to exclude a document because Defendant waived privilege of that document by failing to file any motion to claw back same for over a year and a half after the allegedly inadvertent disclosure).

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record