**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ALBERT E. GUCKER                            )
                                            )
                  Plaintiff,                )
                                            )
                                            )      Civil Action No.  13-583
        v.                                  )      Judge Nora Barry Fischer
                                            )
U.S. STEEL CORPORATION,                     )
                                            )
                  Defendant.                )


## MEMORANDUM ORDER

AND NOW this 31st day of January, 2016, upon consideration of Plaintiff's Motion *in Limine* to Exclude Evidence/Testimony That Mr. Gucker Failed to Exhaust Union Remedies and/or That a Union Grievance Was Not Filed or Was Withdrawn (Docket No. [107]), Defendant's Response in Opposition to Plaintiff's Motion *in Limine* (Docket No. [119]), and argument during the Pretrial Conference on January 26, 2016 (Docket No. [134]), said Motion is GRANTED-IN-PART and DENIED-IN-PART, for the following reasons.

Albert Gucker, at all relevant times was a member of the United Steel Workers (USW) Local No. 2227.  He argues that evidence that he did not exhaust union remedies and/or that a union grievance was not filed or was withdrawn should not be admitted.  He anticipates that Defendant U.S. Steel Corporation will attempt to introduce such evidence in order to show that there were alternate avenues for him to obtain relief or that his claims lacked merit.

Defendant had conceded that it does not intend to use this evidence to argue that Plaintiff is procedurally barred from asserting his claim.  (Docket No. 119 at 1).  However, it argues that this evidence should be available to it for cross-examination.  (*Id*. at 1-2).  To that end, Defendant points out that it has promulgated several procedures for employees to report alleged

misconduct to the Employee Relations Department, including a hot-line. (*Id*. at 2). Defendant also notes that employees are able to submit a complaint through the Joint Civil Rights Committee and can file a grievance through the union if desired. (*Id*.) Thus, Defendant argues that Plaintiff's instant claims are suspect because he did not avail himself of all of U.S. Steel Corporation's complaint procedures. (*Id*. at 2-3).

In order for such evidence to be admitted, it must be admissible pursuant to FED. R. EVID 401 and 402. Under FED. R. EVID 401, "relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Under FED. R. EVID 402, "all relevant evidence is admissible unless the rules of evidence provide to the contrary." *United States v. Sriyuth,* 98 F.3d 739, 745 (3d Cir. 1996). FED. R. EVID. 403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See In re Paoli R.R. Yard PCB Litigation*, 113 F.3d 444, 457 (3d Cir. 1997).

Given the standard of admissibility and the fact that credibility is always an issue for the jury, inquiring about Mr. Gucker's efforts to address his complaints of discrimination are appropriate. This evidence may come in during a party's case-in-chief or on cross examination because such evidence may be probative of the issues raised. But, the determinations, if any, by Plaintiff's union are not pertinent to the instant inquiry as a different standard is employed. Therefore, comments, statements, inferences, arguments, questions and answers about Mr. Gucker's alleged failure to exhaust remedies or that a particular union grievance was withdrawn are barred.

However, the Court will not countenance mini trials on union grievance procedures, the operations of the ethics hot-line at U.S. Steel Corporation, or the like. The Court cautions counsel that these topics do not need to be treated in great detail and that the Court will strike repetitive testimony. *See generally*, FED. R. EVID. 611.

IT IS SO ORDERED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record