IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ALBERT E. GUCKER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 13-583 |
| | ) | Judge Nora Barry Fischer |
| U.S. STEEL CORPORATION, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

AND NOW this 31st day of January, 2016, upon consideration of Defendant's Motion *in Limine* (Docket No. 99), Defendant's Brief in Support (Docket No. 100), Plaintiff's Response to Defendant's Motion *in Limine* (Docket No. 125), Plaintiff's Brief in Support of His Response (Docket No. 126), Plaintiff's Motion *in Limine* to Exclude Any Testimony or Evidence That Mr. Gucker Performed His Job Poorly or That His Co-Workers Said So (Docket No. 104), Defendant's Response (Docket No. 121), Defendant's Motion *in Limine* to Preclude Plaintiff's Supplemental Witnesses (Docket No. 131), Defendant's Brief in Support (Docket No. 132), Plaintiff's Reply (Docket No. 133), argument during the Pretrial Conference held on January 26, 2016 (Docket No. 134), and for the following reasons,

IT IS HEREBY ORDERED that Defendant's Motion (Docket No. 99) is DENIED.[1] Defendant's Motion is DENIED AS MOOT as to the coworker witnesses' proffered testimony concerning Mr. Hubert's alleged disciplining or mistreating workers who were older or had health problems. The Motion is DENIED as to the allegations of discrimination generally at the Irvin Works facility. It is also DENIED as to the coworker witnesses' proffered testimony concerning Mr. Gucker's ability to do his job.

---

[1] This order refers to pages 2 and 3, paragraphs iii, iv, and v of Defendant's Motion *in Limine* (Docket No. 99). The remainder of said Motion has been addressed in Orders filed at Docket Nos. 136, 137, 142, and 144.

IT IS FURTHER ORDERED that Plaintiff's Motion (Docket No. 104) is DENIED-IN-PART and GRANTED-IN-PART. As with Defendant's Motion (Docket No. 99) and as discussed below, coworker witnesses shall only testify from their own personal knowledge about Mr. Gucker's ability to do his job. They shall not relate hearsay unless their testimony meets one of the exceptions to the hearsay rule. Additionally, they shall not testify as to any alleged disciplinary action taken by U.S. Steel Corporation against Mr. Gucker as there has been no evidence of record that such action(s) related to Mr. Gucker's departure from U.S. Steel Corporation.

IT IS FURTHER ORDERED that Defendant's Motion (Docket No. 131) is GRANTED.[2]

In making these rulings, the Court acknowledges that the Supreme Court affords "broad discretion to the district court's evidentiary ruling." *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). Further, a "district court is accorded . . . wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . ." *United States v. Abel,* 469 U.S. 45, 54, (1984). Further, "so-called 'me too' evidence in an employment discrimination case is neither *per se* admissible nor *per se* inadmissible . . . . Rather, the question of whether evidence of discrimination against other employees by other supervisors is relevant is fact based and depends on several factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Mandel v. M & Q Packaging Corp.,* 706 F.3d 157, 167 (3d. Cir. 2013) (citations omitted).

---

[2] This Memorandum Opinion and Order refers to page 1 of Defendant's Motion *in Limine* (Docket No. 131) that relates to Tom Amoroso. The portion of the Motion pertaining to Stephen Slane was already addressed in Docket No. 140.

Addressing Plaintiff's initial proffer of coworker witnesses' testimony concerning Mr. Hubert's alleged disciplining or mistreating workers who were older or had health problems, the Court notes that during the Pretrial Conference, Plaintiff agreed that he and his attorneys will not reference Mr. Hubert's alleged disciplining or mistreating other workers who suffer from health problems. (Docket No. 134). Moreover, counsel for the Plaintiff agreed that he was not going to elicit such testimony from coworker witnesses. Therefore, counsel are HEREBY ORDERED to provide the Court with a joint instruction directed to their respective witnesses prohibiting them from addressing such subject in general by February 1, 2016 at l:00 p.m. In addition to counsel's own instructions, the Court will instruct such witnesses.

Nevertheless, the Court is mindful of Fed. R. EVID. 404(b), which provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." The Third Circuit applies a four-part test to determine the admissibility of Rule 404(b) evidence: (1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the district court must charge the jury to consider the evidence only for the limited purpose for which it was admitted. *Becker v. ARCO Chem. Co.,* 207 F.3d 176, 189 (3d Cir.2000).

In that regard, evidence tending to show a pattern of disability or age discrimination could be relevant to the instant case. However, there are limits to what may be offered and such information could be unduly prejudicial. "To admit evidence under Rule 404(b), the evidence must have a proper purpose, be relevant, and its probative value must outweigh its potential for

unfair prejudice." *Phillips v. Potter*, 2009 WL 2588830, at *2 (W.D. Pa Aug. 19, 2009) (Ambrose, C.J.) (citing *United States v. Rahamin,* 168 Fed. App'x. 512, 519 (3d Cir.2006)). At present, the Court fails to see a connection between the alleged proffered instances of discrimination and the allegations of Plaintiff's Complaint (Docket No. 1). But, Plaintiff's counsel has proffered that coworkers Matesic and Hopes may be called to testify that they were on light duty because of disabilities and that Mr. Hubert allegedly terminated them due to same.

As a number of these projected coworker witnesses have not been deposed nor have they provided affidavits, to the extent necessary the Court shall hear said testimony *in camera* as to whether the above-described proffered coworker testimony is sufficiently connected to Mr. Gucker. Once the Court has heard the proffered evidence *in camera*, said testimony shall be governed by FED. R. EVID. 403.

Rule 403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. *See also In re Paoli R.R. Yard PCB Litigation*, 113 F.3d 444, 457 (3d Cir. 1997). This case could devolve into mini-trials, something this Court will not permit. *See e.g., Godwin v. Wellstar Health Systems, Inc.*, 2015 WL 7313399, at *4 (N.D. Ga. Nov. 19, 2015) (ruling that allegations of workplace discrimination against individuals other than the plaintiff were not admissible because it would lead to mini-trials). Moreover, as Defendant has argued, such testimony could be unduly burdensome and prejudicial as none of

these coworker witnesses have brought claims against it. Hence, Defendant may not be prepared to fully rebut these claims.[3]

In regards to potential witness testimony related to Mr. Gucker's work capacity, "[t]he modern trend favors the admission of [lay] opinion testimony, provided that it is well founded on personal knowledge and susceptible to specific cross-examination." *Lightning Lube, Inc. v. Witco Corp.,* 4 F.3d 1153, 1175 (3d Cir. 1993) (alterations in original) (quoting *Teen–Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 403 (3d Cir. 1980)). Under FED. R. EVID. 701,

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> **(a)** rationally based on the witness's perception;
>
> **(b)** helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> **(c)** not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Given same, the proffered coworker witnesses shall only testify from their own personal knowledge about Mr. Gucker's work performance, i.e., the duties they saw him undertake and his ability or capacity to perform same.

Referring to the Plaintiff's Motion *in Limine* to Exclude any Testimony or Evidence That Mr. Gucker Performed His Job Poorly or That His Co-Workers Said So, as previously stated, any witness may testify as to his own perceptions of Mr. Gucker's work capabilities. However, to the extent that either party wants to rely on hearsay, such testimony must fit into one of the hearsay exceptions. Otherwise, it will be barred. *See* FED. R. EVID. 802; *see also United States v. Casoni,* 950 F.2d 893, 903 (3d Cir. 1991) ("Hearsay is not admissible except as provided by

---

[3] The Court notes that these witnesses were disclosed in the initial disclosures. Defendant could have deposed these witnesses. Their counsel chose not to do so despite an ample discovery period. Additionally, it would seem that U.S. Steel Corporation has access to personnel files of any coworker witness.

5

these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." (quoting FED. R. EVID 802)). "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Casoni,* 950 F.2d at 903 (quoting FED. R. EVID. 801(c)). "Hearsay is generally inadmissible because the statement is inherently untrustworthy: the declarant may not have been under oath at the time of the statement, his or her credibility cannot be evaluated at trial, and he or she cannot be cross-examined." *Ezeagwuna v. Ashcroft,* 325 F.3d 396, 406 (3d Cir. 2003); *see also United States v. Console,* 13 F.3d 641, 656 (3d Cir. 1993).

Defendant maintains that it should be allowed to present evidence that managers heard from Plaintiff's coworkers about his inability to do his job even with restrictions imposed on him. Defendant argues that such testimony may fall under an exception to the hearsay rule. To that end, Defendant points to exceptions under FED. R. EVID. 803:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> (1) **Present Sense Impression.** A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it.

FED. R. EVID. 803. Before hearsay evidence is admissible as a present sense impression, the declarant must have personally perceived the event described, the declaration must be an explanation or description of the event rather than a narration, and the declaration and the event described must be contemporaneous. *See United States v. Mitchell,* 145 F.3d 572, 576 (3d Cir. 1998).

In addition, the "state of mind" exception may be in play.

> (3) Then-Existing Mental, Emotional, or Physical Condition. A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact

6

remembered or believed unless it relates to the validity or terms of the declarant's will.

FED. R. EVID. 803(3). This exception essentially exempts statements of the declarant's then-existing state of mind from the hearsay rule. *See Hale v. McMillen*, 363 Fed. App'x 215, 217 (3d Cir. 2010) (under FED. R. EVID 803(3), "statements that otherwise would be hearsay are admissible to show the declarant's state of mind."); *see also Citizens Financial Group, Inc. v. Citizens Nat. Bank of Evans City,* 383 F.3d 110, 133 (3d Cir. 2004). However, these statements cannot be offered to prove the truth of the matter asserted as U.S. Steel Corporation concedes. *See e.g., Stelwagon Mfg. Co. v. Tarmac Roofing Sys.,* 63 F.3d 1267 (3d Cir. 1995). After hearing proffered testimony regarding any hearsay concerning Mr. Gucker's ability to do his job, *in camera*, the Court will determine whether the proffered testimony falls into one of these hearsay exceptions.

Plaintiff also argues that information relating to the quality of his work is not germane to the instant matter, and therefore should be deemed irrelevant. Even before evidence is admitted on the grounds previously discussed in this Memorandum Order, it must be relevant pursuant to FED. R. EVID. 401 and admissible under FED. R. EVID 402. Under FED. R. EVID 401, "relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Under FED. R. EVID 402, "all relevant evidence is admissible unless the rules of evidence provide to the contrary." *United States v. Sriyuth,* 98 F.3d 739, 745 (3d Cir. 1996). Presently, the Court fails to see how evidence pertaining to the quality of Plaintiff's work is relevant to his claims of age and/or disability discrimination. Once again the Court will have to entertain proffered testimony *in camera*, to make a relevance determination.

Finally, in regards to the potential testimony of Tom Amoroso, Plaintiff's Supplemental Witness List was late per the Court's Pretrial Order. (Docket No. 62). While there is an exception for witnesses who are offered purely for impeachment, per this Court's Pretrial Order, Plaintiff's witness list and proffers were due on December 7, 2015. Mr. Amoroso was not among those listed on Plaintiff's timely Witness List. (Docket Nos. 79 and 81). Instead, he appears on Plaintiff's Supplemental Witness List (Docket No. 130) on January 22, 2016, over a month late and on the eve of trial, without leave of Court.

Mr. Amoroso shall not testify at trial for the following reasons. First, Mr. Amoroso's disclosure was late.[4] FED. R. CIV. P. 26(a) requires a party to make initial disclosures and to provide the opposing party with the name and contact information of each witness. FED. R. CIV. P. 26(a)(3)(A)(i). FED. R. CIV. P. 26(e) sets forth a party's continuing obligation to supplement its initial disclosures and responses to discovery requests, if the initial disclosures or responses are incomplete or incorrect. "Unless the court orders otherwise, these disclosures must be made at least 30 days before trial." FED. R. CIV. P. 26(3)(B). Failure to abide by the disclosure requirements in these provisions is governed by FED. R. CIV. P. 37(c)(1), which provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."

As previously stated above, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice, . . . undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Further, a district court judge may exclude a witness's testimony after a failure to obey a pretrial order. *See De Laval Turbine,*

---

[4] The Court recognizes that Plaintiff asserts that Mr. Amoroso was listed in Plaintiff's interrogatory answers in response to U.S. Steel's first set of discovery requests. (Docket No. 133 at 5, n.6). However, neither party has disclosed the answers to the Court.

*Inc. v. West India Industries, Inc.*, 502 F.2d 259, 263 (3d Cir. 1974); *Southard v. Independent Towing Co.*, 453 F.2d 1115, 1119-1120 (3d Cir. 1971); *LaMorte v. Penn Central Transportation Co.*, 450 F.2d 956, 957 (3d Cir. 1971) (per curiam). And, "[a]lthough the procedural rules governing federal civil litigation do not explicitly authorize a district court to set time limits for a trial, a district court has inherent power 'to control cases before it,' provided it exercises the power " 'in a manner that is in harmony with the Federal Rules of Civil Procedure.'" *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 609 (3d Cir. 1995).

Prior to excluding evidence, the United States Court of Appeals for the Third Circuit has held that a district court must consider:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted;
> (2) the ability of the party to cure that prejudice;
> (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and,
> (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

*Nicholas v. Pennsylvania State University,* 227 F.3d 133, 148 (3d Cir. 2000).

Turning to the first two *Nicholas* factors, Defendant is prejudiced because Mr. Amoroso was disclosed as a witness a little over a week before the start of trial. Further, to the extent that Plaintiff claims prejudice, Plaintiff and/or other former coworkers scheduled to appear can speak to the subjects described in Mr. Amoroso's proffer. (Docket No. 130).

Relative to the third *Nicholas* factor, allowing Mr. Amoroso to testify would conflict with this Court's ability to control the trial of this case. *See* FED. R. CIV. P. 1 (The rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.); *see also Duquesne Light Co.*, 66 F.3d at 609 ("The rules repeatedly embody the principle that trials

should be both fair and efficient."). Furthermore, "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . avoid wasting time." FED. R. EVID. 611. And, the Federal Rules of Evidence "should be construed so as to . . . eliminate unjustifiable expense and delay . . . ." FED. R. EVID. 102.

The Court points out that Counsel had an opportunity to discuss its pretrial deadlines at the Status Conference held on <u>July 15, 2015</u> (Docket No. 61). The Pretrial Order which issued following same (Docket No. 62) established that Plaintiff's witness disclosures were due on <u>December 7, 2015</u>. At no time between July 15, 2015 and December 7, 2015 did Plaintiff seek leave to enlarge that period. In fact, the Court convened a Telephonic Status Conference on <u>January 6, 2016</u> (Docket No. 93) upon consideration of Plaintiff's Motion to Modify Pre-Trial Scheduling Order (Docket No. 91) and Plaintiff did not seek leave to disclose additional witnesses during said Status Conference or in his Motion. In addition, Plaintiff did not address this issue at a Telephonic Preliminary Pretrial Conference held with the Court's law clerks on <u>January 19, 2016</u>.

Finally, in regards to the fourth *Nicholas* factor, the Court does not have strong evidence of purposeful bad faith or willfulness in failing to comply with a court order or discovery obligation. However, Plaintiff has not shown good cause why the Court should permit this late submission to allow Mr. Amoroso to testify, did not seek leave of Court to disclose additional witnesses, and did not have an agreement with Defendant as to same. In fact, Defendant opposes Mr. Amoroso's testimony. (Docket Nos. 131 and 132). Plaintiff had ample time to list Mr. Amoroso, and additional time to seek leave after he was required to provide the disclosure, yet he did neither. Thus, Plaintiff is bound by these inactions. "[A] civil litigant is bound by the

action or inaction of his attorney." *Ford v. City of Philadelphia*, 335 Fed. App'x 229, 229 (3d Cir. 2009) (quoting *Walker v. Sun Ship, Inc.,* 684 F.2d 266, 269 (3d Cir.1982)).

Second, allowing Mr. Amoroso to testify would waste the Court's, jurors', and parties' time as his projected testimony appears to be cumulative to other coworker witnesses and Mr. Gucker. *See* FED. R. EVID. 611. It is thus proper for a district court to exercise its discretion to avoid repetition of testimony. *See ATD-American Co. v. Krueger Int'l, Inc.*, 2014 WL 3952848, at *20, (E.D. Pa. August 12, 2014) (citing *Dean v. Specialized Sec. Response*, 876 F.Supp. 2d 549, 553 (W.D. Pa. 2012).

IT IS SO ORDERED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record